IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **TERRANCE BROWNLEE,**<br><br>        Petitioner,<br><br>v.<br><br>**LYDIA NOMMONO,**<br><br>        Respondent. | 1:15-cv-00625 MJS HC<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION WITHOUT LEAVE TO AMEND FOR FAILURE TO STATE A COGNIZABLE CLAIM<br><br>(Doc. 1)<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT COURT JUDGE TO THE PRESENT MATTER |

   Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**I. DISCUSSION**

  **A. Procedural Grounds for Summary Dismissal**

Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

   The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. See Herbst v. Cook, 260 F.3d 1039 (9th Cir. 2001). Allegations in a petition that are vague,

1

conclusory, or palpably incredible are subject to summary dismissal. Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990). A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

### B. Factual Summary

On April 22, 2015, Petitioner filed the instant petition for writ of habeas corpus. (Pet., ECF No. 1.) Petitioner challenges the August 19, 2010 decision of the Board of Parole Hearings ("Board") finding him unsuitable for parole. Petitioner claims the Board and the California courts unreasonably determined that there was some evidence he posed a current risk of danger to the public if released. It further appears that Petitioner is claiming that the actions of the Board were in violation of state law, and subjected him to a grossly disproportionate sentence, amounting to cruel and unusual punishment. Finally, Petitioner contends that the application of Marsy's law to his parole denial was a violation of ex post facto principles.[1]

### C. Federal Review of State Parole Decisions

Because the petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the AEDPA applies in this proceeding. Lindh v. Murphy, 521 U.S. 320, 327, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997); Furman v. Wood, 190 F.3d 1002, 1004 (9th Cir. 1999).

A district court may entertain a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court only on the ground that the custody is in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. §§ 2254(a), 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375 n.7, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000); Wilson v. Corcoran, 131 S.Ct. 13, 16, 178 L. Ed. 2d 276 (2010).

---

[1] It is noted that Petitioner has another petition for writ of habeas corpus pending before the Court. In his petition filed on May 21, 2014, Petitioner challenges an amended judgment entered on March 15, 2013. (See Brownlee v. Rommoro, E.D. Cal. Case No. 1:14-cv-01990-LJO SAB, Doc. 22 at 1-2.) Since that petition challenges his conviction, and this petition challenges his parole denial, the petitions are not successive or duplicative, and Petitioner can continue to pursue the claims of the current petition in a separate action.

The Supreme Court has characterized as reasonable the decision of the Court of Appeals for the Ninth Circuit that California law creates a liberty interest in parole protected by the Fourteenth Amendment Due Process Clause, which in turn requires fair procedures with respect to the liberty interest. Swarthout v. Cooke, 131 S.Ct. 859, 861-62, 178 L. Ed. 2d 732 (2011).

However, the procedures required for a parole determination are the minimal requirements set forth in Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1, 12, 99 S. Ct. 2100, 60 L. Ed. 2d 668 (1979). Swarthout, 131 S.Ct. at 862. In Swarthout, the Court rejected inmates' claims that they were denied a liberty interest because there was an absence of "some evidence" to support the decision to deny parole. The Court stated:

> There is no right under the Federal Constitution to be conditionally released before the expiration of a valid sentence, and the States are under no duty to offer parole to their prisoners. (Citation omitted.) When, however, a State creates a liberty interest, the Due Process Clause requires fair procedures for its vindication-and federal courts will review the application of those constitutionally required procedures. In the context of parole, we have held that the procedures required are minimal. In Greenholtz, we found that a prisoner subject to a parole statute similar to California's received adequate process when he was allowed an opportunity to be heard and was provided a statement of the reasons why parole was denied. (Citation omitted.)

Swarthout, 131 S.Ct. at 862. The Court concluded that the petitioners had received the process that was due as follows:

> They were allowed to speak at their parole hearings and to contest the evidence against them, were afforded access to their records in advance, and were notified as to the reasons why parole was denied....
>
> That should have been the beginning and the end of the federal habeas courts' inquiry into whether [the petitioners] received due process.

Swarthout, 131 S.Ct. at 862. The Court in Swarthout expressly noted that California's "some evidence" rule is not a substantive federal requirement, and correct application of California's "some evidence" standard is not required by the Federal Due Process Clause. Id. at 862-63. This is true regardless whether Petitioner is challenging a decision by the Board to deny parole or the Governor's reversal of a parole grant. Swarthout, 131

3

S. Ct. at 860-61; Styre v. Adams, 645 F.3d 1106, 1108 (9th Cir. 2011) ("[w]e now hold that the Due Process Clause does not require that the Governor hold a second suitability hearing before reversing a parole decision.").

Here, Petitioner argues that the Board improperly relied on evidence relating to Petitioner's past criminal history. (Pet.) In so arguing, Petitioner asks this Court to engage in the very type of analysis foreclosed by Swarthout. In this regard, Petitioner does not state facts that point to a real possibility of constitutional error or that otherwise would entitle Petitioner to habeas relief because California's "some evidence" requirement is not a substantive federal requirement. Review of the record for "some evidence" to support the denial of parole is not within the scope of this Court's habeas review under 28 U.S.C. § 2254. The Court concludes that Petitioner's claim concerning the evidence supporting the unsuitability finding should be dismissed.

Although Petitioner asserts that his right to due process of law was violated by the Board's decision, Petitioner does not set forth any specific facts concerning his attendance at the parole hearing, his opportunity to be heard, or his receipt of a statement of reasons for the parole decision. Petitioner has not alleged facts pointing to a real possibility of a violation of the minimal requirements of due process set forth in Greenholtz, 442 U.S. 1.

### D. **Failure to State Cognizable Claim**

A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ." 28 U.S.C. § 2254(a). A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991), quoting, Preiser v. Rodriguez, 411 U.S. 475, 485, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that confinement. McCarthy v. Bronson, 500 U.S. 136, 141-42, 111 S. Ct. 1737, 114 L. Ed. 2d 194 (1991); Preiser, 411 U.S. at 499;

Badea, 931 F.2d at 574; Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

Petitioner seeks release from confinement. Therefore, his claims implicate the fact or duration of his confinement, and are properly presented by way of a habeas corpus petition. However, a district court may entertain a petition for a writ of habeas corpus by a state prisoner only on the ground that the custody is in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. §§ 2254(a), 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375 n.7, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000); Wilson v. Corcoran, 562 U.S. 1, 131 S. Ct. 13, 16, 178 L. Ed. 2d 276 (2010).

Federal habeas relief is not available to retry a state issue that does not rise to the level of a federal constitutional violation. Wilson v. Corcoran, 131 S.Ct. at 16 (2010); Estelle v. McGuire, 502 U.S. 62, 67-68, 112 S. Ct. 475, 116 L. Ed. 2d 385 (1991). Alleged errors in the application of state law are not cognizable in federal habeas corpus. Souch v. Schaivo, 289 F.3d 616, 623 (9th Cir. 2002) (an ex post facto claim challenging state court's discretionary decision concerning application of state sentencing law presented only state law issues and was not cognizable in a proceeding pursuant to 28 U.S.C. § 2254); Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1996). The Court accepts a state court's interpretation of state law. Langford, 110 F.3d at 1389. In a habeas corpus proceeding, this Court is bound by the California Supreme Court's interpretation of California law unless the interpretation is deemed untenable or a veiled attempt to avoid review of federal questions. Murtishaw v. Woodford, 255 F.3d 926, 964 (9th Cir. 2001).

In this case, Petitioner argues that the state courts improperly denied his release under California parole laws, but does not specifically raise any federal challenges to the application of the state laws. Without alleging a federal basis for his claims, Petitioner has not presented claims entitled to relief by way of federal habeas. However, the Court notes that Petitioner presents two cognizable federal claims, cruel and unusual punishment and a violation of the ex post fact clause. Those claims are addressed

5

below.

### E. Cruel and Unusual Punishment

In his petition, Petitioner alleges a federally cognizable claim - cruel and unusual punishment under the Fifth and Eighth Amendments of the Constitution. While this is a proper federal claim, there is no possibility that Petitioner is entitled to relief on this claim.

The Supreme Court has held, in the context of AEDPA review that the relevant, clearly established law regarding the Eighth Amendment's proscription against cruel and unusual punishment is a "gross disproportionality" principle, the precise contours of which are unclear and applicable only in the "exceedingly rare" and "extreme" case. Lockyer v. Andrade, 538 U.S. 63, 73-76, 123 S. Ct. 1166, 155 L. Ed. 2d 144 (2003) (discussing decisions in Harmelin v. Michigan, 501 U.S. 957, 111 S. Ct. 2680, 115 L. Ed. 2d 836 (1991), Solem v. Helm, 463 U.S. 277, 103 S. Ct. 3001, 77 L. Ed. 2d 637 (1983), and Rummel v. Estelle, 445 U.S. 263, 100 S. Ct. 1133, 63 L. Ed. 2d 382 (1980)); Ewing v. California, 538 U.S. 11, 23, 123 S. Ct. 1179, 155 L. Ed. 2d 108 (2003). "Successful challenges to the proportionality of particular sentences will be exceedingly rare." Solem, 463 U.S. at 289-90.

Generally, the Supreme Court has upheld prison sentences challenged as cruel and unusual, and in particular, has approved recidivist punishments similar to or longer than Petitioner's life sentence for offenses of significantly lesser severity than Petitioner's crime of conviction. See Andrade, 538 U.S. at 77 (denying habeas relief on Eighth Amendment disproportionality challenge to Three Strikes sentence of two consecutive terms of 25 years to life for stealing $150.00 in videotapes when petitioner had a lengthy but nonviolent criminal history); Harmelin, 501 U.S. at 1008-09 (mandatory life sentence without parole for first offense of possession of more than 650 grams of cocaine is not so disproportionate as to violate the Eighth Amendment); Hutto v. Davis, 454 U.S. 370, 374-75, 102 S. Ct. 703, 70 L. Ed. 2d 556 (1982) (per curiam) (upholding non-recidivist sentence of two consecutive 25 prison terms for possession of nine ounces of marijuana and distribution of marijuana); cf. Solem, 463 U.S. at 280-81 (sentence of life

1  imprisonment without possibility of parole for seventh nonviolent felony violates Eighth
2  Amendment). In Petitioner's case, he was convicted of second degree murder and
3  robbery. (Pet. at 56.) Murder is an extremely serious crime; a crime for which a life
4  sentence is not considered grossly disproportionate.

5        For all of the above reasons, and in light of controlling jurisprudence, this Court
6  cannot find that Petitioner's sentence is grossly disproportionate to his commitment
7  offense. Thus, the state court's rejection of this claim was not contrary to or an
8  unreasonable application of federal law. Accordingly, Petitioner's claim should be
9  rejected.

10       **F.   Ground Two: Ex Post Facto**

11       In ground two of the petition, Petitioner alleges that the Board's ten year denial
12 pursuant to Marsy's Law violated the Ex Post Facto Clause. (Pet. at 18-21.)

13       Proposition 9, also called "Marsy's Law," was passed by California voters in 2008,
14 and was codified in California Penal Code § 3041.5(b)(3). It altered the frequency of
15 parole suitability hearings for prisoners found unsuitable for parole. Prior to the adoption
16 of Marsy's Law, the default was for reconsideration of parole suitability at a new hearing
17 in one year, although the Board had discretion to defer the next parole suitability hearing
18 for a longer period. Marsy's Law increased the presumptive interval to fifteen years, and
19 reduced — but did not eliminate — the Board's discretion to shorten it. Cal.Penal Code §
20 3041.5. In Petitioner's case, the Board exercised its discretion to select a shorter
21 permissible interval, specifically, ten years. (Pet. at 152.)

22       Assuming that Petitioner's claim is properly raised in a habeas proceeding, it is
23 subject to dismissal because petitioner is a member of the plaintiff class in Gilman v.
24 Fisher, Case No. 2:05-CV-0830-LKK CKD (E.D.Cal.) ("Gilman"), which is comprised of
25 "all California State prisoners who have been sentenced to a life term with possibility of
26 parole for an offense that occurred before November 4, 2008." See Gilman, 2014 U.S.
27 Dist. LEXIS 26386, *3, Order filed Feb. 28, 2014 (ECF No. 532 at 1-2) (citation and
28 internal quotation marks omitted). Like the other plaintiffs in Gilman, Petitioner alleges

1 that retroactive application of Proposition 9 creates a significant risk that he will receive a
2 longer period of incarceration than he would have under the law as it existed when he
3 was sentenced. On February 28, 2014, the court in Gilman issued an order granting the
4 Gilman class declaratory and injunctive relief, including entitlement to annual parole
5 hearings unless the Board expressly finds that a longer deferral period is warranted. See
6 Gilman, 2014 U.S. Dist. LEXIS 26386, *82 (ECF No. 532 at 57-58).[2]

   Members of the Gilman class "may not maintain a separate, individual suit for
equitable relief involving the same subject matter of the class action." Gilman, 2010 U.S.
Dist. LEXIS 143678, *3, Order filed Dec. 10, 2010 (ECF No. 296 at 2). Petitioner has not
shown that he has opted out of the Gilman class. Accordingly, Petitioner's ex post facto
claim based upon the application of Marsy's Law should be dismissed without prejudice
to petitioner's ability to obtain any relief to which he may be entitled as a member of the
plaintiff class in Gilman. See Crawford v. Bell, 599 F.2d 890, 892 (9th Cir. 1979) ("A
court may choose not to exercise its jurisdiction when another court having jurisdiction
over the same matter has entertained it and can achieve the same result.").

   For the foregoing reasons, Petitioner's ex post facto challenge to Marsy's Law
should be dismissed without prejudice.

   A petition for habeas corpus should not be dismissed without leave to amend
unless it appears that no tenable claim for relief can be pleaded were such leave
granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971). Notwithstanding Petitioner's
ex post facto claim, which should be dismissed without prejudice, as it is not possible
that federal relief could be granted with regard to the other claims, it is recommended
that petition for writ of habeas corpus be dismissed.

## II. RECOMMENDATION

   Accordingly, it is RECOMMENDED that the petition be DISMISSED without leave
to amend for failure to state a cognizable claim for relief. Further, the Court ORDERS the

---

[2] The order is currently stayed until the resolution of cross-appeals pending before the Ninth Circuit Court of Appeals. (Ninth Circuit Case Nos. 14-15680 and 14-15613.)

Clerk of Court to assign a District Court Judge to the present matter.

These findings and recommendations are submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within fourteen (14) days (plus three (3) days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   May 26, 2015                    /s/ *Michael J. Seng*
                                         UNITED STATES MAGISTRATE JUDGE