IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **TERRANCE BROWNLEE,**<br><br>Petitioner,<br><br>v.<br><br>**LYDIA NOMMONO,**<br><br>Respondent. | Case No. 1:15-cv-00625 AWI MJS (HC)<br><br>**ORDER DENYING MOTIONS FOR RECONSIDERATION**<br><br>**[Docs. 19-20]** |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On September 11, 2015, the undersigned dismissed the petition and declined to issue a certificate of appealability as to any of the claims of the petition. On September 18 and 24, 2015, Petitioner filed motions for reconsideration under Federal Rule of Civil Procedure § 60(b). (ECF Nos. 19-20.)

**I.     LEGAL STANDARD**

The Court shall construe the filings as motion to alter or amend the judgment under Federal Rules of Civil Procedure § 59(e). A motion for reconsideration is treated

1

as a motion to alter or amend judgment under Fed. R. Civ. P. 59(e) if it is filed within the time limit set by Rule 59(e). <u>United States v. Nutri-cology, Inc.</u>, 982 F.2d 394, 397 (9th Cir. 1992). Otherwise, it is treated as a motion pursuant to Fed. R. Civ. P. 60(b) for relief from a judgment or order. <u>American Ironworks & Erectors Inc. v. North American Constr. Corp.</u>, 248 F.3d 892, 898-99 (9th Cir. 2001). A motion to alter or amend a judgment pursuant to Fed. R. Civ. P. 59(e) "must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Petitioner filed the motions 13 days after the judgment was filed. Accordingly, the motions are timely.

Rule 60(b) of the Federal Rules of Civil Procedure provides:

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

**II.    DISCUSSION**

In his motions for reconsideration, Petitioner asserts arguments similar, if not identical, to those presented in his petition, i.e., that the Board of Parole Hearings violated his constitutional rights and the terms of his plea bargain by denying him parole. As the Court described in dismissing the petition, the Court has limited authority to review state parole decisions for procedural due process. <u>Swarthout v. Cooke</u>, 131 S.Ct. 859, 861-62, 178 L. Ed. 2d 732 (2011). Petitioner's claims related to the substantive

decisions of the Board.  The Court lacks authority to review such decisions. Petitioner's claims were properly dismissed.  Petitioner has not presented any new information in the motions for reconsideration that would put the Court's rulings in question.

Petitioner has not presented newly discovered evidence, shown clear error, or demonstrated that a change in controlling law warrants amending or altering the judgment.

### III.   ORDER

IT IS HEREBY ORDERED that Petitioner's motions for reconsideration (Docs. 19-20) are DENIED.

IT IS SO ORDERED.

Dated:  April 6, 2016

SENIOR DISTRICT JUDGE